**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| John Hulbert,<br><br>Plaintiff,<br><br>v.<br><br>DAX Safety & Staffing Solutions, LLC and Jeffrey Dax Pollard,<br><br>Defendants. | **COMPLAINT FOR UNPAID WAGES**<br><br>Case No. 2:26-cv-00456<br><br>Judge ___________________<br><br>Magistrate Judge ________________<br><br>Jury demand endorsed hereon. |

## INTRODUCTION

1. Plaintiff John Hulbert ("Plaintiff") brings this Class and Collective Action against DAX Safety & Staffing Solutions, LLC, and Jeffrey Dax Pollard (collectively, "Defendants") to recover unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207; R.C. § 4111.03; the doctrine of unjust enrichment; and civil liability under R.C. § 2307.60.

2. Defendant Jeffrey Pollard is involved in the ownership and operation of a business known as DAX Safety & Staffing Solutions, LLC (hereinafter "DAX"). Pollard is the sole shareholder and CEO/owner of DAX.

3. Founded in 2006, DAX Safety & Staffing Solutions, LLC is a business that provides safety program management, temporary and long-term staffing, and general contracting services to both commercial and government clients.[1] Their offerings include recruiting, screening, and training personnel, implementing workplace safety solutions, and supplying healthcare and technical staff under federal contracting programs.[2]

4. Defendants employed Plaintiff as a "non-exempt" employee.

[1] https://dax-llc.com/about/#tab-2a96172fcfaaabfc420
[2] https://dax-llc.com/commercial-solutions/

5. Pursuant to Defendants' compensation policies and practices, Plaintiff was unlawfully denied overtime compensation at the statutorily required 1.5× his regular hourly rate for all hours worked in excess of forty (40) in a workweek. Instead, Defendants paid Plaintiff only approximately 1.2× his regular rate for all hours worked, irrespective of the number of overtime hours accrued during the relevant pay periods.

6. Defendants did not notify Plaintiff of the substandard overtime policy.

7. Defendants' employment policy results in the unlawful failure to pay wages due under the FLSA and Ohio overtime law.

8. Plaintiff brings this to remedy Defendants' underpayment of overtime wages.

9. This action seeks appropriate monetary, declaratory, and equitable relief based on Defendants' willful failure to compensate Plaintiff with overtime wage as required by the FLSA, R.C. §4111.03, damages under the theory of unjust enrichment, and civil liability for a criminal act under R.C. § 2307.60.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over Plaintiff's FLSA claim under 28 U.S.C. § 1331 because Plaintiff's claim raises a federal question under 29 U.S.C.§ 207.

11. This Court has personal jurisdiction over Defendants pursuant to Fed. R. Civ. P. 4(k)(1)(A) and Ohio Rev. Code § 2307.382. Defendants purposefully directed activities toward the State of Ohio, and the conduct giving rise to Plaintiff's claims occurred in this District. Defendants' contacts with Ohio are such that the exercise of jurisdiction complies with the Due Process Clause of the Fourteenth Amendment, as Defendants purposefully availed themselves of the privilege of conducting activities in Ohio, Plaintiff's claims arise out of those contacts, and the exercise of jurisdiction is reasonable.

12. This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367, as those claims are sufficiently related to the claims over which this Court has original jurisdiction and arise from the same case or controversy presented in this Complaint.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because this judicial district is where a substantial part of the events or omissions giving rise to the claim occurred, and where a substantial portion of the property at issue is located.

14. The relevant time period is defined as the maximum statute of limitations allowable under the FLSA, R.C. § 4111.03, the doctrine of unjust enrichment, and R.C. § 2307.60.

## PARTIES

**Plaintiff John Hulbert**

15. Plaintiff John Hulbert is an individual residing in Baton Rouge, Louisiana.

16. At all times relevant herein, Plaintiff was a non-exempt employee of Defendants as defined in the FLSA and Ohio Rev. Code Ann. § 4111.01(B).

17. Plaintiff was employed by DAX as a Safety Technician from April 2024 until June 2024. Defendants compensated Plaintiff at an hourly rate of $45.00 per hour.

18. As a Safety Technician, Plaintiff's primary duties included collaborating with other employees to maintain a safe and clean work environment, auditing safety procedures and injury reports, and ensuring compliance with established safety protocols.

19. Plaintiff regularly worked an average of sixty hours per week during the relevant period; however, at no time did Plaintiff's compensation from Defendants reflect payment of overtime wages for hours worked in excess of forty (40) in a workweek, as required by law.

20. Plaintiff was owed an hourly rate at 1.5× his regular rate for hours worked in excess of 40 per work week. Defendants, however, refused to pay Plaintiff at 1.5× his regular rate

and are thus liable for underpayment of overtime wages.

21. Defendants failed to compensate Plaintiff at the overtime rate mandated by the FLSA and analogous Ohio law.

22. Plaintiff was not classified as exempt under either the FLSA or the Ohio Wage and Hour Laws.

**Defendant DAX Safety & Staffing Solutions, LLC**

23. DAX, located at 2202 Spring Cove Rd., Sunrise Beach, Missouri, 65079, provides safety management, staffing, and contracting services for commercial and government clients, including healthcare, technical, and industrial personnel.

24. DAX had control over Plaintiff's working conditions.

25. At all relevant times, DAX has determined those matters governing the essential terms and conditions of employment for the Plaintiff at his job site.

26. At all relevant times, DAX had and continues to have direct or indirect control over the terms and conditions of Plaintiff's work.

27. At all relevant times, DAX possessed the authority to control the terms and conditions of Plaintiff's employment and has exercised that authority.

28. DAX permits Plaintiff and similarly situated employees to work.

29. DAX Safety & Staffing Solutions, LLC. is a domestic For-Profit Limited Liability Corporation with its principal place of business in Missouri.

30. DAX is owned, and/or operated by codefendant Jeffrey Dax Pollard.

31. DAX has the authority to and does hire and fire employees, supervise and control work schedules and conditions of employees, determine the rate and method of pay, and/or maintain employee records.

32. DAX has substantial control over Plaintiff's working conditions and over unlawful policies and practices as alleged herein.

33. DAX maintained control, oversight, and direction over Plaintiff's hiring, firing, disciplining, timekeeping, payroll, reimbursements, pay rates, deductions, and other practices.

34. DAX applies or causes to be applied substantially the same employment policies, practices, and procedures to all employees at all its locations, including policies, practices, and procedures related to payment and wages.

35. DAX is an "employer" of Plaintiff as that term is defined by the FLSA and analogous Ohio wage and hour law.

**Defendant Jeffrey Pollard**

36. Defendant Jeffrey Pollard is an individual residing in Sunrise Beach, Missouri.

37. Upon information and belief, Defendant Jeffrey Pollard may receive service of the Complaint at 2202 Spring Cove Road, Sunrise Beach, Missouri, 65079.

38. At all times relevant to this action, Defendant was an "employer" of Plaintiff and the putative class members within the meaning of the Fair Labor Standards Act.

39. Defendant is the sole owner, and principal agent of DAX Safety & Staffing Solutions, LLC which has its principal place of business in Sunrise Beach, Missouri.

40. Defendant had control over Plaintiff's working conditions.

41. At all relevant times, Defendant has determined those matters governing the essential terms and conditions of employment for the Plaintiff.

42. At all relevant times, Defendant had and continues to have direct or indirect control over the terms and conditions of Plaintiff's employment.

43. At all relevant times, Defendant possessed the authority to control the terms and

conditions of Plaintiff's employment and has exercised that authority.

44. Defendant permitted Plaintiff to work.

## CAUSES OF ACTION

### COUNT I
### FAILURE TO PAY OVERTIME WAGES
### (FLSA, 29 U.S.C. § 207, *et seq*.)
### (On Behalf of Plaintiff)

45. Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

46. Plaintiff was a non-exempt, hourly employee entitled to receive overtime wages in the amount of 1.5× for hours worked in excess of 40 per workweek.

47. Plaintiff worked more than 40 hours in one or more workweeks during his employment with Defendants.

48. The FLSA requires an employer to pay employees for all hours worked at the federally mandated overtime rate of 1.5× his regular rate of pay for every hour worked in excess of forty hours per workweek. 29 U.S.C. § 207.

49. Defendants did not pay Plaintiff 1.5× his regular rate for time worked in excess of forty hours per workweek but instead paid him an overtime rate of 1.2× his regular wage in violation of the FLSA.

50. By intentionally not paying Plaintiff the proper overtime wages for time worked in excess of forty hours in a workweek, Defendants have willfully violated the FLSA.

51. As a result of Defendants' unlawful policies and practices, Plaintiff was deprived of overtime wages in violation of the FLSA.

52. During the relevant period, Defendants violated 29 U.S.C. § 207, by employing Plaintiff in an enterprise engaged in commerce or in the production of goods for commerce, as

defined by the Act, and by willfully failing to compensate such employees at a rate of one and one-half times their regular hourly wage for all hours worked in excess of forty in a workweek.

53. The FLSA requires all employers to keep accurate payroll records and time records for at least three (3) years (including all basic timecards and daily starting/stopping times of individual employees). 29 U.S.C. § 211(c); 29 C.F.R. 516.1, *et seq.*

54. Defendants' violations of the FLSA were knowing and willful. Defendants could have accounted for and properly compensated Plaintiff and the FLSA Collective Members but failed to do so.

55. As a result of Defendant's willful violations, Plaintiff is entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

56. As a result of Defendants' violations, Plaintiff was injured and entitled to damages, including, but not limited to, unpaid wages, liquidated damages, costs, and attorneys' fees.

**COUNT II**
**FAILURE TO PAY OVERTIME WAGES DUE**
**(Ohio Rev. Code Ann. § 4111.01.)**
**(On Behalf of Plaintiff)**

57. Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

58. At all relevant times, Defendants were subject to the mandates of R.C. § 4111.01, *et seq.*

59. During all relevant times, Defendants were employers covered by R.C. § 4111.01, and Plaintiff was an employee within the meaning of the statute and were not exempt from its protections.

60. Each non-exempt employee is entitled to "overtime at a rate of one and one-half

times the employee's wage rate for hours worked in excess of forty hours in one workweek." Ohio Rev. Code Ann. § 4111.03.

61. At all relevant times, Defendants engaged in an unlawful policy and practices by failing to pay Plaintiff overtime compensation at 1.5× his regular rate of pay for all hours worked over forty (40) in a workweek.

62. Defendants are required to pay each employee at or above the minimum wage rate for all hours worked and are required to pay non-exempt employees overtime pay.

63. In violating Ohio law, Defendants acted willfully, without a good-faith basis, and with reckless disregard of Ohio Rev. Code Ann. § 4111.03.

64. During all or part of the relevant time period, Defendants failed to properly compensate Plaintiff in violation of Ohio Rev. Code Ann. § 4111.03.

65. R.C. § 4111.14(A)(3) allows an employee who has not been paid wages for all hours worked to bring a civil action to recover "[double] back wages, damages, and the employee's costs and reasonable attorney's fees." Ohio Rev. Code Ann. § 4111.14(A)(3).

66. Pursuant to Ohio Rev. Code. Ann. § 4111.10(A), an employer who fails to pay its employees for all overtime wages outlined in Ohio Rev. Code Ann. § 4111.03 "is liable to the employee affected for the full amount of the overtime wage rate, less any amount actually paid to the employee by the employer, and for costs and reasonable attorney's fees."

67. As described above, Defendants' policies and practices were willful, intentional, unreasonable, and in bad faith.

68. As a result of Defendants' willful violation, Plaintiffs are entitled to all unpaid overtime wages, together with an additional equal amount as liquidated damages, plus costs and reasonable attorneys' fees, as provided by Ohio Rev. Code Ann. § 4111.10.

**COUNT III**
**UNJUST ENRICHMENT**
**(On Behalf of Plaintiff and the Rule 23 Class)**

69. Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

70. Plaintiff conferred a benefit upon Defendants.

71. Plaintiff relied on Defendants' promise to pay all wages due and performed by doing their jobs and carrying out their required work duties.

72. Defendants unlawfully retained the employees' owed overtime wages for their own purposes from all times relevant to the present.

73. Defendants retained overtime wages intended for Plaintiff and failed to pay Plaintiff full wages plus overtime due on the scheduled paydays.

74. Defendants also obtained other benefits as a result of Plaintiff working under Defendants' insufficient compensation policy.

75. Defendants knew that Plaintiff conferred that benefit on Defendants.

76. Defendants did not compensate or under-compensated Plaintiff for these benefits.

77. Accordingly, Defendants' retention of these benefits under these circumstances would be unjust.

78. As a result of Defendants having been unjustly enriched, Plaintiff is entitled to compensation for the value of the benefit Plaintiff conferred on Defendants.

**COUNT IV**
**CIVIL LIABILITY FOR A CRIMINAL ACT**
**(Ohio Rev. Code. § 2307.60)**
**(On Behalf of Plaintiff and the Rule 23 Class)**

79. Plaintiff restates and incorporates the foregoing allegations as if fully rewritten herein.

80. The Fair Labor Standards Act, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

81. By their acts and omissions described herein, Defendants have willfully violated the FLSA, and Plaintiff has been injured as a result

82. R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

83. As a result of Defendants' willful violations of the FLSA, Plaintiff is entitled to compensatory and punitive damages pursuant to Ohio Rev. Code Ann. § 2307.60.

**WHEREFORE**, Plaintiff John Hulbert prays for all the following relief:

A. Unpaid overtime wages and an additional and equal amount as liquidated damages pursuant to the FLSA and supporting regulations;

B. A declaratory judgment that the practices complained of herein are unlawful under R.C. § 4111.03;

C. An award of unpaid overtime wages and damages due under R.C. § 4111.10;

D. Any and all damages available under the R.C. § 2307.60, including compensatory and punitive;

E. Liquidated damages;

F. An award of the value of the benefits for which Defendants were unjustly enriched;

G. An award for prejudgment and post-judgment interest;

H. An award of costs and expenses of this action, together with reasonable attorneys' fees and expert fees; and

I. Such other legal and equitable relief as the Court deems appropriate;

**JURY DEMAND**

Plaintiff hereby demands a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

Dated: April 15, 2026

Respectfully submitted,

*/s/ Philip J. Krzeski*

Philip J. Krzeski (OH Bar #0095713)
**CHESTNUT CAMBRONNE PA**
100 Washington Ave S, Ste 1700
Minneapolis, MN 55401
Telephone: (612) 339-7300
Fax: (612) 336-2940
pkrzeski@chestnutcambronne.com

*Counsel for Plaintiff and the Putative Class*